UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN SHIELDS, | : CIVIL ACTION NO. 3:CV-13-0820 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| DAVID J. EBBERT, Warden, | : |
| Respondent | : |

FILED
SCRANTON

JUN 1 1 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Justin Shields, an inmate currently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Southern District of South Dakota. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

**Procedural Background**

On February 25, 2008, Shields entered a plea of guilty to the charge of Kidnapping, a violation of 18 U.S.C. §§ 1153 and 1201. See Shields v. United States, Civil Action No. 3:13-cv-3005-KES (U.S. D.C. S. Dakota). On June 17, 2008, he was sentenced to a 360 month term of imprisonment. Id.

On August 25, 2008, the United States Court of Appeals for the Eighth Circuit dismissed Shields' appeal based on the appeal waiver which was included as part of the plea agreement. Id. No petition for certiorari was filed with the United States Supreme Court. Id.

On February 7, 2013, Shields filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Id.

By Order dated March 21, 2013, Petitioner's section 2255 motion was denied as barred by the statute of limitations. Id.

On April 1, 2013, Shields filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction. (Doc. 1, petition).

**DISCUSSION**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See e.g. United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Shields clearly maintains that his federal conviction violates his constitutional rights.

Section 2255 provides, in part, "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A motion under § 2255 is "'inadequate or ineffective' only where it is established ""that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.;

-2-

Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v.

Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Shields has not met this burden.

Although Shields has filed a prior motion pursuant to § 2255 in the United States District Court for the Southern District of North Dakota, there is no record that he has requested permission from the United States District Court of Appeals for the Eighth Circuit for leave to file a successive petition. Thus, there remains that possibility that Shields would be granted permission by the Eighth Circuit Court of Appeals to file a successive § 2255 motion, if appropriate. Consequently, the Court will dismiss Shields' petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion.

A separate Order will be issued.

Dated: June 11, 2013

United States District Judge